# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

DR. NATISHA BUSICK,

    Plaintiff,

vs.

PHYSICIANS' CLINIC OF IOWA, P.C., and DR. KEVIN KOPESKY,

    Defendants.

No. 07-CV-52-LRR

**ORDER**

_____

## *TABLE OF CONTENTS*

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

III.  LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    A.   *Parties' Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    B.   *Motion to Amend* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    C.   *Motion to Remand* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        1.   *Timing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        2.   *Merits* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

IV.  DISPOSITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

## *I. INTRODUCTION*

The matters before the court are Plaintiff Dr. Natisha Busick's ("Dr. Busick") Motion to Remand (docket no. 7) and Motion for Leave to Amend Pleadings ("Motion to Amend") (docket no. 8).

## *II. PROCEDURAL HISTORY*

On May 8, 2007, Dr. Busick filed a five-count Petition at Law ("Petition") in the Iowa District Court in and for Linn County. The Petition alleges that Defendant Physicians' Clinic of Iowa, P.C. ("Clinic") and Defendant Dr. Kevin Kopesky ("Dr.

Kopesky") committed various tortious acts against Dr. Busick during her employment with the Clinic. In Count I, Dr. Busick alleges sex discrimination against both Defendants, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Iowa Civil Rights Act of 1965 ("ICRA"), Iowa Code chapter 216. Counts II, III and IV of the Petition contain allegations against Dr. Kopesky. In Count II, Dr. Busick alleges intentional infliction of emotional distress, in violation of common law. In Count III, she alleges defamation. In Count IV, she alleges interference with contractual relations. In Count V, Dr. Busick alleges "constructive discharge" against the Clinic, in violation of Title VII and the ICRA.[1]

On May 31, 2007, Defendants removed the Petition to this court, pursuant to 28 U.S.C. § 1441. Defendants invoked this court's federal question jurisdiction under 28 U.S.C. § 1331. On June 1, 2007, Defendants filed an Answer. On June 6, 2007, Defendants filed an Amended and Substituted Answer.

On July 6, 2007, at 2:03 p.m., Dr. Busick filed the instant Motion to Remand. On the same date, at 4:24 p.m., Dr. Busick filed the instant Motion to Amend. On July 23, 2007, the Clinic filed a joint resistance to both of Dr. Busick's motions ("Resistance"). On the same date, Dr. Kopesky joined in the Resistance. Finding these matters fully submitted and ready for decision, the court turns to consider them.

### III. LEGAL ANALYSIS

#### A. *Parties' Arguments*

In the Motion to Amend, Dr. Busick argues that her reference to Title VII in paragraph 12 of the Petition was inadvertent. Pursuant to Federal Rule of Civil Procedure 15(a), Dr. Busick seeks to amend the Petition by deleting the reference to Title VII,

---

[1] Dr. Busick does not cite to any statutory authority for her claim in Count V, but, taking the Petition as a whole, it appears to be alleging violations of Title VII and the ICRA.

2

because she "made mention of Title VII only to the extent that Iowa law adopts the Federal law." Motion to Amend (docket no. 8-1), at ¶¶ 3-4. She argues, without analysis or citation to legal authorities, that granting her Motion to Amend would not be prejudicial to the Defendants or cause undue delay in the proceedings.[2] In the Motion to Remand, Dr. Busick argues that remanding the state law claims would not be prejudicial or cause undue delay.[3]

In their Resistance, Defendants argue that federal jurisdiction is measured at the time of removal. They argue that, because the Petition stated a federal discrimination claim pursuant to Title VII at the time of removal, Dr. Busick should not be permitted to amend the Petition or seek remand. They argue that the Motion to Remand is premature because it was filed before the court ruled on the Motion to Amend. Defendants argue that the inclusion of the statutory cite in paragraph 12 of the Petition was not inadvertent because (1) Dr. Busick also attached to the Petition a Notice of Right to Sue from the United States Equal Employment Opportunity Commission ("Federal Right-to-Sue Letter") and (2) paragraph 15 of the Petition requests punitive damages, a remedy that is only available under Title VII.

---

[2] The court notes that Dr. Busick has violated the Local Rules by failing to file briefs in support of her Motion to Amend and her Motion to Remand. *See* LR 7.1.d ("For every motion, the moving party must prepare a brief containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies . . . .").

[3] Dr. Busick neglected to use care when crafting the Motion to Remand. It appears that Dr. Busick simply cut and pasted from the Motion to Amend. For example, in paragraphs six and seven of the Motion to Remand, Dr. Busick states that granting her "leave to amend" would not cause prejudice or undue delay. Moreover, the prayer for relief in the Motion to Remand is identical to the one in the Motion to Amend, that is, in the Motion to Remand, Dr. Busick concluded by stating, in part: "Plaintiff prays the Court allow the Plaintiff leave to amend her petition at law . . . ."

3

### *B. Motion to Amend*

With leave of the court, a party may amend its pleadings after a responsive pleading is served. Fed. R. Civ. P. 15(a). Such permission from the court "shall be freely given when justice so requires." *Id*.

> The court may disallow amendment for various reasons, however, including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.'

*Moore-El v. Luebbers*, 446 F.3d 890, 901-02 (8th Cir. 2006) (quoting *Fornan v. Davis*, 371 U.S. 178, 182 (1962) (modification in *Moore-El*)). "The burden of proof of prejudice is on the party opposing the amendment." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (quotation omitted).

Dr. Busick does, indeed, make three separate references to federal law in the Petition: (1) in paragraph 12, where she explicitly refers to Title VII by name and statutory citation; (2) in paragraph 15, where she requests punitive damages, a remedy that is not available under the ICRA, and (3) in the second attachment, which is the Federal Right-to-Sue Letter.[4] *See Chauffers, Teamsters & Helpers, Local Union No. 238 v. Iowa Civil Rights Comm'n*, 394 N.W.2d 375, 384 (Iowa 1986) (stating that the ICRA "does not give the . . . express authority to award punitive damages" and concluding that punitive damages awards could not be awarded). In the Motion to Amend, Dr. Busick makes clear that she did not intend to litigate a federal question, that the inclusion in paragraph 12 was inadvertent and that she only referred to Title VII because the same analysis applies to

---

[4] Additionally, there is a fourth reference to federal law. In paragraph 11 of the Petition, Dr. Busick represents that she "has exhausted her administrative remedies and has applied for and received right to sue letters from the Iowa Civil Rights Commission and the United States Equal Employment Opportunity Commission. Copies of which are attached." Petition (docket no. 1-3), at 9.

4

claims of employment discrimination under the ICRA and Title VII. The court acknowledges that the same analysis generally applies to Title VII and ICRA claims. *See Carrington v. City of Des Moines*, 481 F.3d 1046, 1050 (8th Cir. 2007) (employing a single analytical framework for a claim filed under both laws); *McElroy v. State*, 703 N.W.2d 385, 391 (Iowa 2005) (declining to interpret ICRA differently than Title VII where neither party so argued, but indicating that, although Iowa courts have traditionally looked to federal law for guidance in interpreting the ICRA, they are not bound to federal law and may deviate from it if the parties argue for a deviation from the federal analysis). However, it is difficult to understand how these three explicit references to federal discrimination law in the Petition could be inadvertent. Even assuming Dr. Busick's counsel drafted the Petition by starting with a template and neglected to delete the references to Title VII, the court is hard-pressed to believe that the Federal Right-to-Sue Letter attached itself to the Petition, especially given the fact that Dr. Busick references it in paragraph 11 of the Petition.

Nonetheless, Dr. Busick's counsel represents that the Motion to Amend was not filed in bad faith. The court takes Dr. Busick's counsel at their word, because they made the representation in their capacity as officers of the court. *See Stewart v. M.D.F., Inc.*, 83 F.3d 247, 252 (8th Cir. 1996) (explaining that the attorneys were "officers of the court" and stating that, because no evidence contradicted their representations, the lower court properly "assume[d] that they were all speaking in good faith"); *see also Gundacker v. Unisys Corp.*, 151 F.3d 842, 849 (8th Cir. 1998) (stating that the attorney "generally acted in bad faith" due, in part, to the fact that he "violated his duty as an officer of the court by making false representations"). The court cannot find that the Motion to Amend was made in bad faith or with dilatory motive. *Moore-El*, 446 F.3d at 902.

Additionally, the court cannot find that there will be undue prejudice to Defendants if the Motion to Amend is granted. *Id.* This is not a case that has been litigated for years

5

or a situation where the amendment would drastically change the claims. *See United States v. Voracheck*, 563 F.2d 884, 887 (8th Cir. 1977) (per curium) (stating that an eleven-month delay in filing an amended complaint was not sufficient grounds for denying leave without a showing of unfair prejudice). The Petition was filed in state court and Defendants removed the case to federal court less than three months ago. Moreover, the same facts underlie both the ICRA and Title VII claims, so Defendants will have to engage in the same discovery process regardless of whether the Petition contains a federal claim. It is Defendants' burden to prove unfair or undue prejudice, and the court finds they have not met that burden in this case. *Roberson*, 241 F.3d at 995.

Although there is no "absolute right to amend," *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004), the court cannot find that Dr. Busick has acted in bad faith or with a dilatory motive or that the amendment would cause prejudice to Defendants.[5] For these reasons, the court shall grant the Motion to Amend pursuant to Rule 15(a).

### C. Motion to Remand

#### 1. Timing

The court agrees with Defendants that, technically, the Motion to Remand is premature because Dr. Busick filed it about two hours before she filed the Motion to Amend. At the time Dr. Busick filed the Motion to Remand, the Petition contained a federal question.

---

[5] The court has examined the other reasons a court may disallow an amendment to a complaint, as set forth in *Moore-El*, and the court finds them inapplicable. *See Moore-El*, 446 F.3d at 901-02 (including reasons that there has been undue delay, the plaintiff has repeatedly failed "to cure deficiencies by amendments previously allowed" and the amendment would be futile).

The court also notes that, if it were to deny the Motion to Amend, Dr. Busick could simply seek to dismiss the federal claims pursuant to Federal Rule of Civil Procedure 41 and Local Rule 41 and then refile an appropriate petition in state court.

6

However, in the interest of judicial efficiency, the court will rule on the Motion to Remand as if it were filed after the court ruled on the Motion to Amend. Due to the court's ruling on the Motion to Amend, the First Amended Petition at Law ("Amended Petition") (docket no. 8-2) will be docketed simultaneously with this order. Therefore, in examining the Motion to Remand, the court will examine the Amended Petition. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 927 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.").

### 2. Merits

Where the parties are not diverse, federal jurisdiction is dependent on the existence of a federal question in the action. *Oglala Sioux Tribe v. C & W Enter. Inc.*, 487 F.3d 1129, 1130 (8th Cir. 2007) (citing *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1244 (2006)). A federal question is one that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A federal question is raised in 'those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action *or* that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *See Lundeen v. Canadian Pac. Ry. Co.*, 447 F.3d 606, 611 (8th Cir. 2006) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)) (emphasis added in *Lundeen*).

The court determines whether a claim raises a federal question by looking to the face of the complaint itself. *Oglala Sioux Tribe*, 487 F.3d at 1131 (citing *Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 840-41 (1989)); *see also In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 927 (8th Cir. 2005) (explaining that "where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint"). Also, when ruling on a motion to remand, the court construes all doubts in favor of remand. *Wilkinson v.*

7

*Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)).

Dr. Busick does not allege any federal questions on the face of her Amended Petition. Amended Petition (docket no. 8-2). She removed the reference to the Federal Right-to-Sue Letter in paragraph 11, she removed the reference to Title VII under paragraph 12 and the Federal Right-to-Sue letter is not attached to the Amended Petition. *Id.* Dr. Busick did not remove the request for punitive damages from paragraph 15 of the Amended Petition, but such a request does not equate to a federal question. *See Lundeen*, 447 F.3d at 611. Each of the remaining claims in the Amended Petition assert only questions of state law. No federal questions remain.

Therefore, the court must decide whether it should retain supplemental jurisdiction over the state law claims. Section 1367(c) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). In discussing 28 U.S.C. § 1367(c), the United States Supreme Court has urged district courts to "'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity'" when deciding whether to exercise supplemental jurisdiction. *City of Chi. v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988)). The Supreme Court has also remarked:

> [I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . .—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.

*Cohill,* 484 U.S. at 350 n.7. The Supreme Court cautioned, however, that this is not a mechanical rule to be applied in all cases. *Id.* In this case, the court concludes that the

8

values of judicial economy, convenience and fairness weigh against exercising supplemental jurisdiction over the state law claims.

Thus, the court shall grant the Motion to Remand.

### IV. DISPOSITION

For the foregoing reasons, it is hereby **ORDERED**:

(1) Dr. Busick's Motion to Amend (docket no. 8) is **GRANTED**;

(2) The Clerk of Court is directed to detach and file Dr. Busick's First Amended Petition at Law (docket no. 8-2) and rename it "First Amended Complaint"; and

(3) Dr. Busick's Motion to Remand (docket no. 7) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED** this 31st day of July, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA